1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, UNIT D1*
*COSTA MESA, CA 92626*

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMORY GRAUBERGER, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>**v.**<br><br>**QUEST DIAGNOSTICS INCORPORATED; OPTUM360 SERVICES, INC.; and AMERICAN MEDICAL COLLECTION AGENCY, INC.,**<br><br>Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**I.   THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CIVIL CODE §§ 56, *ET SEQ.* ("CMIA");**<br><br>**II.   CAL. CIV. CODE § 1798.81.5;**<br><br>**III.   CAL. BUS. PROF. CODE §§ 17200, *ET SEQ.*;**<br><br>**IV.   NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

EMORY GRAUBERGER ("Plaintiff"), brings this Class Action Complaint on behalf of himself individually and all other similarly situated, by and through their attorneys, against Defendant(s) QUEST DIAGNOSTICS INCORPORATED ("Quest"), OPTUM360 SERVICES, INC. ("Optum360"), AMERICAN MEDICAL COLLECTION AGENCY, INC. ("AMCA")(collectively the "Defendants") and allege upon information and belief as follows:

## Introduction

1. Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.* (hereinafter referred to as the "CMIA"), Plaintiff, and all other persons similarly situated, had a right to keep their personal medical information provided to Defendants confidential.

2. The short title of the CMIA states: "The Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information."

3. The CMIA specifically provides that "a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization ..." Civil Code. § 56.10(a).

4. The CMIA further provides that "Every provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical

company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101(a).

5. Civil Code § 56.36(b) provides Plaintiff, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000).  In order to recover under this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient."  (Emphasis added.)

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant.

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and

costs, with at least one member of the proposed Class being a citizen of a different state than Defendants.

10.  This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within California's stream of commerce and within this judicial district, Defendants have several locations within the State of California, and Plaintiff's harm occurred within this Judicial District.

11.  Venue is appropriate in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) many of the acts and transactions giving rise to this action occurred in this district because Defendants:

   a) are authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;

   b) do substantial business within this district;

   c) are subject to personal jurisdiction with this district because it has availed itself of the laws and markets within this district; and

   d) the harm to Plaintiff occurred within this district.

**Parties**

12.  Plaintiff is a citizen and resident of San Mateo County, State of California.

13.  Upon information and belief, Defendant American Medical Collection Agency, Inc. ("AMCA") is a New York corporation with its principal place of business in Elmsford, New York.

14.  Upon information and belief, Defendant Quest Diagnostics Incorporated ("Quest") is a Delaware corporation with its principal place of business in Secaucus, New Jersey.

15.  Upon information and belief, Defendant Optum360 Services, Inc. ("Optum360") is a Delaware corporation with its principal place of business in Eden Praire Minnesota.

**Factual Allegations**

16.   Quest is a large provider of medical diagnostic testing services, touching the lives of 30% of American adults each year.

17.   On June 3, 2019, in a filing with the Securities and Exchange Commission, Quest admitted that on May 14, 2019, AMAC had notified Quest and Optum360 LLC of the existence of a massive data breach comprising the personal information of 11.9 million Quest patients.

18.   Between August 1, 2018 and March 30, 2019, an unauthorized third party had access to AMCA's system, which contained information that AMCA had received from Quest Diagnostics and which AMCA collected itself. Personal information that was located in these systems included financial information, medical information, and other personal information.

19.   Defendants allowed hackers to access Plaintiff's and putative class members' personal information for seven months without notifying the victims about the breach over a year.

20.   Plaintiff utilized Quests' services over several years, including most recently in or around January of 2019. Upon information and belief, Plaintiff's personal and/or financial information was disclosed and released during this breach.

21.   As of the filing of this Complaint, Defendants have yet to notify Plaintiff of the data breach alleged herein.

**Choice of Law**

22.   The State of California has sufficient interest in the conduct at issue in this complaint, such that California law may be uniformly applied to the claims of the proposed Classes.

23.   Quest does substantial business in California, and a significant portion of the proposed Nationwide Class and Subclass is located in California. Moreover, Quest avails itself to these California citizens by soliciting directly to them.

24.    The State of California also has the greatest interest in applying its law to Class and Subclass members' claims. California's governmental interests include not only compensating resident consumers under its consumer protection laws, but also what the State has characterized as a "compelling" interest in using its laws to regulate a resident corporation and preserve a business climate free of unfair and deceptive practices. *Diamond Multimedia Sys. v. Sup. Ct.*, 19 Cal. 4th 1036, 1064 (1999). Moreover, the State has expressly demonstrated an interest in protecting California consumers' personal medical information, as well as encouraging California businesses to provide reasonable security to protect consumer information. *See* Cal. Civil Code. § 56.10(a).

25.    If other states' laws were applied to Class and Subclass members' claims, California's interest in discouraging corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired. California could not effectively regulate a company like Quest, which does business throughout the United States, if it can only ensure remuneration for consumers from one of the 50 states affected by conduct that runs afoul of its laws.

<b>Class Action Allegations</b>

26.    Plaintiff brings this action on behalf of himself individually and on behalf of all other similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and/or (b)(3).

27.    The putative Class ("the Class") that Plaintiff seeks to represent is composed of:

> All persons within the United States whose personal, financial or medical information was disclosed by Defendants and/or their agents without consent, since four years prior to the filing of the Complaint.

28. The putative Subclass ("the Subclass") that Plaintiff seeks to represent is composed of:

> All persons within California whose personal, financial or medical information was disclosed by Defendants and/or their agents without consent, since four years prior to the filing of the Complaint.

29. Excluded from the Class and Subclass are any of Defendants' officers, directors, employees, affiliates, legal representative, attorneys, heirs, and assigns, and any entity in which Defendants have a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class and Subclass.

30. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. While the exact number of the Class and Subclass members is unknown to Plaintiff at this time, such information can be ascertained through discovery from records maintained by Defendants.

31. There is a well-defined community of interest among the members of the Class and Subclass because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

32. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class and Subclass are:

a) Whether Plaintiff's and the Class and Subclass' private and confidential medical information was compromised by Defendants' breach;

b) Whether Defendants leaking of Plaintiff's and the Class and Subclass' information was without the prior written authorization of Plaintiff and the Class and Subclass, as required by Civil Code § 56.10 of the CMIA;

   c) Whether Defendants leaking of Plaintiff's and the Class and Subclass' information was permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c);

   d) Whether Defendants leaking of Plaintiff's and the Class and Subclass' information, constitutes a release of Plaintiffs' and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA;

   e) Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

   f) Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

   g) Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Classes;

   h) Whether Plaintiff and the putative Class and Subclass members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

   i) Whether Plaintiff and the putative Class and Subclass members are entitled to injunctive relief as sought herein.

33. Plaintiff's claims are typical of those of the other Class and Subclass members because Plaintiff, like every other Class and Subclass member, provided personal and medical information in the process of obtaining Quest's services and has their personal information was disclosed through Defendants' breach.

34. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class and Subclass they seek to represent during the Class and Subclass Period.

35.    In addition, Plaintiff has retained competent counsel experienced in Class and Subclass action litigation to further ensure such protection and intend to prosecute this action vigorously.

36.    The prosecution of separate actions by individual members of the Class and Subclass would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants in the State of California and would lead to repetitious trials of numerous common questions of law and fact in the State of California.

37.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class and Subclass action. As a result, a Class and Subclass action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.    Proper and sufficient notice of this action may be provided to the Class and Subclass members through direct mail and email.

39.    Absent certification of this action as a Class and Subclass action, Plaintiff and the members of the Class and Subclass will continue to be damaged by the unauthorized release of their individual medical, personal and financial information.

## Causes of Action

## Count I

## Violations of the Confidentiality of Medical Information Act ("CMIA") California Civil Code §§ 56, *et seq.*

40.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

41.    Quest is a "contractor," within the meaning of Civil Code § 56.05(d), and maintained and continues to maintain "medical information," within the

meaning of Civil Code § 56.05(j), of "patients" of the Defendants, within the meaning of Civil Code § 56.05(k).

42.   Plaintiff and the member of the Classes are "patients" of Defendants within the meaning of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiff and the Class fear that disclosure of their medical information could subject them to harassment or abuse.

43.   Plaintiff and the members of the Classes, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Civil Code § 56.05(j), created, maintained, preserved, and stored on Defendants' computer network at the time of the breach.

44.   Defendants allowed Plaintiff's and the Class members' medical information to become publicly available on the Internet after a hack was able to get through Defendants' inadequately protected systems. Based upon information and belief, Plaintiff alleges that Plaintiff's and other Class member's medical information was accessed by an unauthorized person or persons.

45.   Defendants, through inadequate security, allowed an unauthorized third party to gain access to Plaintiff's and the Class member's medical information on the Internet, without the prior written authorization of Plaintiff and the Class, as required by Civil Code § 56.10 of the CMIA.

46.   Defendants have violated Civil Code § 56.101 of the CMIA through their failure to maintain and preserve preserves the confidentiality of the medical information of Plaintiff and the Class and Subclass.

47.   As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

48.   As Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff, individually and for each member of the Class

and subclass, seeks nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

## Count II

### Violations of California Civil Code §§ 1798.80, *et seq.*

49.  Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

50.  Defendants are "businesses" within the meaning of Cal. Civil Code § 1798.80(a).

51.  The documentation that Defendants made available through the breach was personal information relating to Defendants' internal customer accounts and patients or for the purpose of using that information in transactions relating to Plaintiff's and the Class' and Subclass' accounts, such as names, address, and credit card numbers. Therefore, the information that Defendants "owned" or "licensed" is the information is the kind as defined by Cal. Civil Code § 1798.81.5(a)(2).

52.  All of this information that Defendants own, license, or maintain constitutes "personal information" as defined by 1798.80(e) and 1798.81.5(d), as it contained each Plaintiff's and Class and Subclass member's name, signature, Social Security number, address, telephone number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information.

53.  Plaintiff and Class and Subclass members are natural persons that provided personal information to Defendants for its medical services, and are therefore "Customers" as defined by Cal. Civil Code § 1798.80(c).

54. The breach of the personal information of thousands of Defendants' current and former customers was a "breach of the security system" of Defendants as defined by Civil Code section 1798.82(g).

55. By failing to implement reasonable security measures appropriate to the nature of the personal information of its current and former customers as described above, Defendants violated Civil Code section 1798.81.5.

56. In addition, by failing to immediately notify all affected current and former customers that their personal, financial and/or medical information had been acquired (or was reasonably believed to have been acquired) by unauthorized persons in the data breach, Defendants violated Civil Code section 1798.82 of the same title.

57. Defendants' failure to immediately notify its customers of the breach caused Plaintiff and Class and Subclass members to suffer damages because they have lost the opportunity to immediately: (i) buy identity protection, monitoring, and recovery services; (ii) flag asset, credit, and tax accounts for fraud, including reporting the theft of their Social Security numbers to financial institutions, credit agencies, and the Internal Revenue Service; (iii) purchase or otherwise obtain credit reports; (iv) monitor credit, financial, utility, explanation of benefits, and other account statements on a monthly basis for unrecognized credit inquiries, Social Security numbers, home addresses, charges, and/or medical services; (v) place and renew credit fraud alerts on a quarterly basis; (vi) routinely monitor public records, loan data, or criminal records; (vii) contest fraudulent charges and other forms of criminal, financial and medical identity theft, and repair damage to credit and other financial accounts; and (viii) take other steps to protect themselves and recover from identity theft and fraud, such as buying identity theft insurance, which is an out-of-pocket cost.

58. As Defendants violated Civil Code sections 1798.81.5 and 1798.82, Defendants "may be enjoined" under Civil Code section 1798.84(e).

59.    Plaintiff requests that the Court enter an injunction requiring Defendants to implement and maintain reasonable security procedures to protect its customers' personal information, including, but not limited to, ordering that Defendant: (1) engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing consistent with prudent industry practices, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis; (2) engage third-party security auditors and internal personnel to run automated security monitoring consistent with prudent industry practices; (3) audit, test, and train its security personnel regarding any new or modified procedures; (4) purge, delete and destroy, in a secure manner, employee data not necessary for its business operations; (5) conduct regular database scanning and securing checks consistent with prudent industry practices; (6) periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach consistent with prudent industry practices; (7) receive periodic compliance audits by a third party regarding the security of the computer systems Defendants use to store the personal information of its current and former employees; (8) meaningfully educate its current and former employees about the threats they face as a result of the loss of their PII to third parties, as well as the steps they must take to protect themselves; and (9) provide ongoing identity theft protection, monitoring, and recovery services to Plaintiff and Class and Subclass members.

60.    Plaintiff further request that the Court order Defendants to (1) identify and notify all members of the Class and Subclass who have not yet been informed of the Data Breach; and (2) notify affected current and former employees of any future data breaches by email within 24 hours of Defendants' discovery of a breach or possible breach and by mail within 72 hours.

61. As a result of Defendants' violations of Civil Code §§ 1798.81.5 and 1798.82, Plaintiff and members of the Classes have incurred and will incur damages, including but not necessarily limited to: (1) the loss of the opportunity to control how their PII is used; (2) the compromise, publication, and/or theft of their PII and the PII of their family members; (3) out-of-pocket costs associated with the prevention, detection, insurance, and recovery from identity theft and/or unauthorized use of financial and medical accounts; (4) lost opportunity costs associated with effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity and health care/medical data misuse; (5) costs associated with the ability to use credit and assets frozen or flagged due to credit misuse, including complete credit denial and/or increased costs to use credit, credit scores, credit reports and assets; (6) unauthorized use of compromised PII to open new financial and/or health care or medical accounts; (7) tax fraud and/or other unauthorized charges to financial, health care or medical accounts and associated lack of access to funds while proper information is confirmed and corrected; (8) the continued risk to their PII, which remain in Defendants' possession and are subject to further breaches so long as Defendants fail to undertake appropriate and adequate measures to protect the PII in its possession; and (9) future costs in terms of time, effort and money that will be expended, to prevent, detect, contest, and repair the impact of the PII compromised as a result of the Data Breach for the remainder of the lives of the Class and Subclass members.

62. Plaintiff seeks all remedies available under Civil Code section 1798.84, including actual and statutory damages, equitable relief, and reasonable attorneys' fees.

63. Plaintiff also seeks reasonable attorneys' fees and costs under applicable law including Federal Rule of Civil Procedure 23; California Code of Civil Procedure § 1021.5; and Catalyst Theory.

## Count III

## Violations of California's Unfair Competition Law ("UCL"),

## Bus. & Prof. Code §§ 17200, *et seq.*

64. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Plaintiff and Defendants are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

66. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

67. By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

## A. "Unlawful" Prong

68. Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by not implement and maintain reasonable security procedures under CMIA.

69. Moreover, Defendants allowed for Plaintiff and members of the putative class' information to be released online due to unreasonable security.

70. By advertising, promoting, manufacturing, and selling its services in violation of those California laws, Defendants engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

## B. "Unfair" Prong

71. Defendants committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

72. Had Plaintiff and the putative Class and Subclass members been informed that Defendants' services actually would place Plaintiff's and the putative Class and Subclass member's personal information at risk of being exposed due to poor security, Plaintiff and the putative Class and Subclass members would not have purchased Defendants' service, would have paid less for it, or would have purchased a different medical servicer.

73. In other words, Defendants earned the business of Plaintiff and the putative Class and Subclass members by using deceptive advertising, which placed competitors that had spent money on cyber security at a disadvantage.

74. Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

75. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing Plaintiff in a Class and Subclass action such as this.

### Count IV

### Negligence

76. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

77. In collecting the financial and other personal information of its customers, Defendants undertook and owed Plaintiff and Class and Subclass members a

duty to exercise reasonable care in safeguarding and protecting that information. This duty included, maintaining and testing Defendants' security systems and taking other reasonable security measures to protect and adequately secure the personal and medical information of Plaintiff and Class and Subclass members from unauthorized access. Moreover, Defendants were under the duty to timely notify its former and current consumers that their information may have been accessed.

78.   Defendants owed a duty of care to Plaintiff and Class and Subclass members because they were foreseeable and probable victims of any inadequate security practices. It was foreseeable that if Defendants did not take reasonable security measures, the medical information of Plaintiff and members of the Class and Subclass would be stolen.

79.   Major corporations like Defendants face a higher threat of security breaches than smaller companies due in part to the large amounts of data they possess and Defendants knew or should have known its security systems were inadequate.

80.   Defendants failed to take reasonable precautions to safeguard the Plaintiff's and the Class and Subclass members' personal, financial and medical information.

81.   Even worse, up to the filing of this complaint Plaintiff has not be provided notice that their information may have been accessed by third parties. Therefore, Defendants have breached the duties they owed to its customers.

82.   Under Cal. Civ. Code §§ 1798.80, *et seq.*, and CMIA, Defendants were under a statutory duty to protect Plaintiff and Members of the Class and Subclass' information.

83.   Defendants here employed below average cyber security and never provided any customers with notice of the data compromise. Therefore, Defendants are negligent per se.

84. There is a very close connection between Defendants' failure to employ reasonable security protections and the injuries suffered by Plaintiff and Class and Subclass members. When individuals' financial, personal, and medical information is exposed as occurred here, they are at risk for identity theft and need to preventative measures.

85. But for Defendants' failure to implement and maintain adequate security measures to protect its customers' information and failure to monitor its systems to identify suspicious activity, the personal and medical information of Plaintiff and Class and Subclass members would not have been at risk of theft or been stolen, Plaintiff and Class and Subclass members would not have been injured, and Plaintiff and Class and Subclass members would not be at a heightened risk of identity theft in the future.

86. Defendants have admitted that its current and former customers personal and medical information was exposed as a result of their systems. As a result of Defendants' negligence, Plaintiff and members of the Class and Subclass have suffered and will suffer injury, including but not necessarily limited to those listed above.

87. Plaintiff and the Class and Subclass are also entitled to damages and reasonable attorneys' fees and costs.

88. Plaintiff also seeks reasonable attorneys' fees and costs under applicable law including Federal Rule of Civil Procedure 23; California Code of Civil Procedure § 1021.5; and Catalyst Theory.

### Prayer For Relief

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class and Subclass the following relief against Defendants, and each of them:

- That the Court determine that this action may be maintained as a Class and Subclass Action by certifying this case as a Class and Subclass Action as to the Class;

- That the Court appoint Plaintiff to serve as the Class and Subclass Representative in this matter and appoint Plaintiff's Counsel as Class and Subclass Counsel;

- That Plaintiff and the Class and Subclass be awarded prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;

- That Defendants' wrongful conduct alleged herein be adjusted and decreed to violate the statutes and laws asserted herein;

- That Plaintiff and the Class and Subclass be awarded injunctive relief prohibiting such conduct in the future;

### For Count I

### Violations of Cal. Civ. Code §§ 56, et seq. (CMIA)

- An award of nominal damages in the amount of $1,000.00 per violation to each of the named Plaintiff individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);

- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2); and

- Any and all further relief that this Court deems just and proper.

### For Count II

### Violations of California Civil Code §§ 1798.80, *et seq.*

- Costs of Suit;

- An award of actual damages according to proof per violation to Plaintiff and to each member of the Class and Subclass pursuant to Cal. Civ. Code § 1798.84(b); and

- Any and all further relief that this Court deems just and proper.

**For Count III**

**Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

- Costs of Suit;
- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535;
- Recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and
- Any and all further relief that this Court deems just and proper.

**For Count IV**

**Negligence**

- Costs of Suit;
- Actual damages;
- Recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and
- Any and all further relief that this Court deems just and proper.

**TRIAL BY JURY**

89.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: June 4, 2019                         **KAZEROUNI LAW GROUP, APC**

By:   */s/ Abbas Kazerounian*
          Abbas Kazerounian, Esq.
          *Attorneys for Plaintiff*

**CLASS ACTION COMPLAINT**

1

**Additional Counsel for Plaintiffs**

2

3

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**

4

Matt Schultz, Esq. (FL. SBN 640328)

5

mschultz@levinlaw.com
*Pro Hac Vice to be filed*

6

Bill Cash, Esq. (FL. SBN 68443)

7

bcash@levinlaw.com
*Pro Hac Vice to be filed*

8

Brenton Goodman (FL. SBN 126153)

9

bvigodsky@levinlaw.com
*Pro Hac Vice to be filed*

10

316 S Baylen St Ste 600

11

Pensacola, FL 32502-5996
Telephone: (850) 435-7140

12

Facsimile:  (850) 436-6140

13

**HYDE & SWIGART**

14

Joshua B. Swigart, Esq. (SBN 225557)

15

josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101

16

San Diego, California 92101
Telephone: (619) 233-7770

17

Facsimile:  (619) 297-1022

18

19

20

21

22

23

24

25

26

27

28